UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X        Case No.  15-CV-9110 (ALC)
MICHAEL BRIGHT-ASANTE,

                                                       Plaintiff

-against-

MATTHEW WAGNER, United States Secret Service
Special Agent, ONE UNKNOWN MALE UNITED
STATES SECRET SERVICE AGENT, JOHN DOE
NOS. 1-2, Names unknown, being NYPD police officers
who participated in the unlawful seizure of the plaintiff at
Saks Fifth Avenue premises on September 5, 2014,
JOHN DOE No. 3, named unknown, being a male law
Enforcement officer in suit who ASANTE met in the
Asset Protection area of SAKS, JANE DOE, name unknown,
being the female NYPD plainclothes officer who took
plaintiff's mug shot and fingerprints on September 5, 2014,
DANIEL MURPHY, NYPD Arresting Officer, THE
CITY OF NEW YORK,

                                                       Defendants
------------------------------------------------------------------ X    **AMENDED COMPLAINT**

      Plaintiff, MICHAEL BRIGHT-ASANTE, by his attorneys, LAW OFFICES OF K.C.

OKOLI, P.C., complaining of the Defendants, alleges as follows:

JURISDICTION AND VENUE

    1.    This is an action for money damages. The action is brought pursuant to 42

        U.S.C. §1983, *Bivens v. Six Unknown Named Federal Narcotics Agents*, 403

        U.S. 388 (1971, Federal Tort Claims Act (FCTA), and the Common Law.



1

2. Venue is proper in this district based upon the fact that the events or omissions which gave rise to the claims asserted herein occurred within the Southern District of New York.

3. This Court has federal question jurisdiction pursuant to 28 USC §§1331, 1343 and 1346.

4. This Court has supplemental jurisdiction over the state common law causes of action asserted in this action.

5. The federal officials being sued in this action pursuant to *Bivens* are sued in their individual capacity for violation of plaintiff's rights under the Fourth Amendment to the United States Constitution.

6. The federal officials being sued in this action pursuant to FTCA are being sued in their official capacity for their wrongful action against the plaintiff.

7. Upon information and belief, the defendant federal agents were at all times acting under and pursuant to federal law, and within the scope of their employment.

8. The individual law enforcement officers employed by the New York City Police Department ("NYPD") who are sued herein were, at all times, acting under the color of state law.

9. Plaintiff duly served a Notice of Claim upon the City of New York ("CITY") pursuant to General Municipal Law.

10. The CITY has conducted a Section 50H since, and thirty (30) days have elapsed and the CITY has not adjusted or settled the claim against it and its employees.

## PARTIES

11. At all times relevant to this action, plaintiff MICHAEL BRIGHT-ASANTE ("ASANTE") was a resident of the County of Bronx, City and State of New York.

12. At all times relevant to this action defendant MATTHEW WAGNER ("WAGNER"), was a United States Secret Service Special Agent.

13. At all times relevant to this action, defendant ONE UNKNOWN MALE UNITED STATES SECRET SERVICE AGENT ("Unknown Special Agent"), was a United States Secret Service Agent.

14. At all times relevant to this action, defendants JOHN DOE Nos. 1-2 were plainclothes police officers or detectives employed by the NYPD who participated in the unlawful seizure of the plaintiff at the premises of Saks Fifth Avenue on September 5, 2014, and his subsequent detention at NYPD facilities in the Borough of Manhattan.

15. Upon information and belief, JOHN DOE No. 3, was a plainclothes NYPD officer who, together with WAGNER and Unknown Agent, placed handcuffs on ASANTE at SAKS.

16. At all times relevant to this action, JANE DOE was a female NYPD plainclothes police officer or detective who took ASANTE's mug shot and fingerprints at the detention center in downtown Manhattan.

17. Upon information and belief, defendant DANIEL MURPHY ("MURPHY"), was the ASANTE's arresting officer on September 5, 2014.

18. The CITY is a municipality existing under and by virtue of the laws of the State of New York.

19. The CITY is the employer of the individual NYPD defendants who were, at all times, acting in the course and within the scope of their employment as law enforcement officers.

## RELEVANT FACTS

20. At all times relevant to this action, ASANTE was a successful salesperson employed at SAKS FIFTH AVENUE store located at 611 5th Avenue, New York, New York ("SAKS").

21. Prior to September 5, 2014, ASANTE was a loyal and dutiful employee of SAKS.

22. Prior to September 5, 2014, ASANTE had never committed any crime or impropriety in relation to his employment at SAKS, and had never been accused of any crime by SAKS.

23. On September 5, 2014, approximately between 1:00 and 1:30 PM, ASANTE was lawfully present at his workplace on the 8th Floor, at SAKS, and was lawfully performing his duties as a salesperson, when he was approached by WAGNER, Unknown Agent, and JOHN DOE Nos. 1-2, accompanied by two SAKS employees.

24. At the aforesaid time, WAGNER and Unknown Agent identified themselves as United States Secret Service Special Agents and flashed their badges before ASANTE; no one else identified themselves to ASANTE at this time.

25. WAGNER and Unknown Agent asked ASANTE if his name was Michael Bright Asante to which ASANTE responded "Yes."

26. WAGNER and Unknown Agent then instructed ASANTE to follow them which ASANTE did.

27. WAGNER, Unknown Agent and the two SAKS' employees took ASANTE to the Asset Protection Unit of SAKS in the basement of 611 5th Avenue, where they met with JOHN DOE No. 3 who began to question ASANTE about many things, including personal questions about how much ASANTE was earning and what kind of car ASANTE was driving.

28. Thereafter, JOHN DOE No. 3 placed handcuffs on ASANTE while ASANTE was inside the basement of SAKS.

29. At no time while at SAKS WAGNER, Unknown Agent or anyone else tell ASANTE why he was being questioned, detained or placed in handcuffs; ASANTE was not given any Miranda warnings, and at no time did any law enforcement officer ever show ASANTE any warrant authorizing ASANTE's questioning, seizure or detention.

30. At no time did any of the defendants ever conduct a search of ASANTE's home prior to his arrest. Nor, indeed, did any of the defendants conduct a search of ASANTE's home thereafter.

31. At no time did anyone ever question ASANTE prior to September 5, 2014, about his alleged involvement in criminal activities at SAKS, or anything that he may have known about criminal activities or improprieties by others at SAKS.

32. In fact, prior to September 5, 2014, ASANTE specifically brought to the attention of SAKS, a suspicious activity involving a customer of SAKS; ASANTE carried out his job responsibilities as a SAKS salesperson in accordance with the policy and procedures of SAKS.

33. ASANTE was removed from SAKS by defendants in an unmarked police car, and taken to a detention facility under the control of the NYPD.

34. At said NYPD detention facility, JANE DOE took the mug shots and fingerprints of ASANTE and otherwise processed ASANTE.

35. Defendant MURPHY walked ASANTE to a cell at the aforesaid detention center into which he placed ASANTE.

36. ASANTE remained in police custody until September 6, 2014, when he was arraigned before a Criminal Court judge. While in said police custody, defendants lodged ASANTE at various cells under the custody and control of the NYPD.

37. At ASANTE's arraignment, the court set bail at $2,000 cash and $5,000 bond which ASANTE's friend was ready and willing to provide.

38. However, because of the District Attorney's insistence on a 72-hour surety bond exam, ASANTE could not be released from custody until Monday, September 8, 2014.

39. ASANTE was finally released from custody at about 10:00 PM on Monday, September 8, 2014.

40. Defendant WAGNER signed, under the penalty of perjury, the accusatory instrument on which ASANTE's criminal prosecution was initiated and under

which ASANTE was arraigned in Criminal Court. Said accusatory instrument contains statements which are materially false without which ASANTE could not be properly arraigned in court.

41. Defendants continued to maliciously prosecute ASANTE for a felony which ASANTE did not commit until March 13, 2015, when all criminal charges against ASANTE were dismissed and the records sealed.

42. The aforesaid dismissal constitutes termination of the criminal prosecution in favor of ASANTE.

43. ASANTE's arrest and prosecution received widespread publicity in the media, including the Associated Press, Reuters, New York Daily News, New York Post and the Internet.

44. ASANTE's reputation has been damaged irreparably by reason of the foregoing, and his career as a salesperson ruined.

### AS AND FOR A FIRST COUNT PURSUANT TO *BIVENS* FOR CONSTITITIONAL TORT OF FOURTH AMENDMENT VIOLATION AGAINST WAGNER AND UNKNOWN SPECIAL AGENT

45. Plaintiff repeats and realleges each and every allegation of paragraphs "1" through "44" as if specifically set forth herein.

46. Plaintiff brings this claim against WAGNER and Unknown Special Agent in their individual capacities.

47. At the time when they seized ASANTE, WAGNER and Unknown Special Agent had no reasonable or probable cause to seize ASANTE.

48. ASANTE did not consent to the aforesaid seizure.

49. By reason of the foregoing, said defendants violated ASANTE's Fourth Amendment rights against unreasonable search and seizure.

50. By reason of the foregoing, Plaintiff has suffered loss and damage.

AS AND FOR A SECOND COUNT PURSUANT TO 42 U.S.C. §1983
FOR UNLAWFUL SEARCH AND SEIZURE
AGAINST JOHN DOE #S 1, 2, 3, JANE DOE & DANIEL MURPHY

51. Plaintiff repeats and realleges each and every allegation of paragraphs "1" through "50" as if specifically set forth herein.

52. Defendants had no reasonable or probable cause for their search and seizure of ASANTE, in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

53. By reason of the foregoing, Plaintiff has suffered loss and damage.

AS AND FOR A THIRD COUNT PUSUANT TO FEDERAL TORT CLAIMS ACT
AGAINST WAGNER AND UNKNOWN SPECIAL AGENT

54. Plaintiff repeats and realleges each and every allegation of paragraphs "1" through "53" as if specifically set forth herein.

55. WAGNER and Unknown Special Agent unlawfully detained ASANTE at the premises of SAKS.

56. ASANTE was aware of the unlawful detention and did not consent thereto.

57. WAGNER also initiated and continued the aforesaid criminal prosecution of ASANTE on or about September 5, 2014,

58. The aforesaid criminal prosecution was initiated and/or continued without reasonable or probable cause to believe that ASANTE had committed the crimes charged or any crimes at all.

59. The aforesaid criminal prosecution terminated in favor of ASANTE.

60. Defendants' aforesaid conduct constitutes false arrest and malicious prosecution of ASANTE.

61. By reason of the foregoing, Plaintiff has suffered loss and damage.

### AS AND FOR A FOURTH COUNT FOR COMMONS LAW FALSE ARREST AND MALICIOUS PROSECUTION AGAINST THE CITY OF NEW YORK AND ALL DEFENDANTS

62. Plaintiff repeats and realleges each and every allegation of paragraphs "1" through "61" as if specifically set forth herein.

63. CITY is responsible for the conduct of its employees under the common law principle of *respondeat superior*.

64. CITY is therefore responsible to the wrongful conduct of JOHN DOE #s

65. Defendants had no reasonable or probable cause for the continuing to seize and detain ASANTE at various facilities belonging to the NYPD.

66. Defendants had no reasonable or probable cause for prosecuting ASANTE on the charges for which ASANTE was arrested.

67. All the defendants herein jointly participated in the malicious prosecution of the plaintiff until all charges against plaintiff were dismissed and sealed on March 13, 2015.

68. The aforesaid dismissal of the charges against the plaintiff constitutes favorable termination of the criminal prosecution against ASANTE.

69. By reason of the forgoing, plaintiff has suffered loss and damage.

70. PLAINTIFF DEMANDS A JURY TRIAL OF ALL ISSUES TRIABLE BY JURY.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following reliefs against the defendants:

a) On the First Count, compensatory damages in the sum TEN MILLION DOLLARS ($10,000,000.00);

b) On the Second Count, compensatory damages in the sum of TEN MILLION DOLLARS ($10,000,000.00);

c) On the Third Count, compensatory damages in the sum of TEN MILLION DOLLARS ($10,000,000.00);

d) Punitive damages against all defendants except the City of New York;

e) Reasonable Attorney's fees;

f) Costs and disbursement of this action;

g) Such further or other relief as the court may deem just and equitable.

Dated:   New York, New York
         June 13, 2016

                                            **LAW OFFICES OF K.C. OKOLI, P.C.**
                                            Attorneys for Plaintiff
                                            MICHAEL BRIGHT-ASANTE
                                            330 Seventh Avenue
                                            15th Floor

New York, New York 10001
(212) 564-8152


By: _____/s/_____
    K.C. OKOLI, ESQ.


**FOR SERVICE ON:**

PREET BHARARA
United States Attorney for the Southern District of New York
By: Dominika N. Tarczynska
Assistant United States Attorney
86 Chambers Street.
New York, New York 10007


DANIEL MURPHY
New York City Police Department
One Police Plaza
New York, New York 10007


ZACHARY W. CARTER
Corporation Counsel
NYC Law Department
Attorney for THE CITY OF NEW YORK
100 Church Street
New York, New York 10007
Attorney for the City of New York